Anthony Wayne MILCZANOWSKI,
Appellant,

v.

The STATE of Texas, Appellee.

No. 63763.

Court of Criminal Appeals of Texas,
En Banc.

Feb. 2, 1983.

Rehearing Denied March 1, 1983.

Emmett Colvin, on appeal only, Houston, David L. Botsford, on appeal only, Austin, for appellant.

Henry Wade, Dist. Atty. and Fred C. McDaniel, Asst. Dist. Atty., Dallas, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for prostitution under V.T.C.A., Penal Code Sec. 43.02(a)(1). Punishment was assessed by the court at 10 days in jail and a $400 fine.

In appellant's sixth ground of error he contends the judgment and sentence are at variance with the information.

The information, omitting the formal portions, alleges that appellant did:

"then and there knowingly *agree to engage* in sexual conduct, namely: deviate sexual intercourse, with J.W. Przywara, for a fee." (Emphasis added.)

The judgment and sentence show the court found appellant:

"... guilty of unlawfully then and there knowingly and intentionally *offer to engage* in sexual conduct with another in return for a fee payable to the said as charged in the information...." [1]

The record reflects the following announcement of the trial judge's decision at the conclusion of the guilt stage:

"THE COURT: The Defendant will rise. The Court finds you guilty of the offense of prostitution. Either side have any evidence to offer on the issue of punishment?"

Under Sec. 43.02(a)(1), supra, two of the distinct means of committing the offense are by *offering* to engage in sexual conduct for a fee, and by *agreeing* to engage in such conduct. The information alleged the latter means, while the judgment and sentence are inconsistent, finding appellant guilty of the former.

The court on appeal may reform and correct the judgment based on information in the record to conform to the finding of the trial court. Article 44.24(b), V.A.C.C.P.; *Jiminez v. State,* 552 S.W.2d 469 (Tex.Cr. App.1977); *Joles v. State,* 563 S.W.2d 619 (Tex.Cr.App.1978); *Teamer v. State,* 557 S.W.2d 110 (Tex.Cr.App.1977). In the instant case the trial court's pronouncement in open court that it was finding appellant guilty of prostitution does not recite "as charged in the *information,*" nor does it otherwise reflect the facts found. Where, as here, the judgment and sentence recite findings *at variance* from the alleged of-

---

**1.** The somewhat awkward wording is from the use of a rubber stamp applied to the judgment and sentence.

fense, the recital in open court reflected in this record cannot aid us in reforming the instruments, because it sheds no light on what facts were found by the trial court.

 When trial is by jury, the written verdict provides the basis for reforming an erroneous recitation in judgment and sentence. *Sims v. State,* 546 S.W.2d 296 (Tex. Cr.App.1977); *Cunningham v. State,* 484 S.W.2d 906 (Tex.Cr.App.1972). In a bench trial the statement by the judge in the record is the only comparable source that may be consulted to learn the decision of the fact finder. In this case that source is insufficient to authorize reformation. For all that appears in the record, the trial judge may have found, and absent a record to the contrary is presumed to have found, the facts as recited in the judgment. Conviction on those facts, they being at variance from the allegations in the information, is not supported by the pleading, and therefore must be set aside. Cf. *Walton v. State,* 575 S.W.2d 25 (Tex.Cr.App.1978), and other cases where a jury charge was held fundamentally defective for authorizing conviction on a theory not alleged. Such a charge being fundamental error, *a fortiori* a conviction that on its face is based on a theory not alleged is fundamental error.

Although the indictment may be considered in construing the judgment and sentence in order to determine the offense for which a defendant is convicted, *Hughes v. State,* 493 S.W.2d 166 (Tex.Cr.App.1973), reformation of judgment and sentence may be done only to cause those instruments to reflect the true finding of the fact finder when such a finding is reflected in the verdict or, in a bench trial, the pronouncement of the court's finding. Here, had the judge stated he found appellant guilty "as charged in the information," then the information could be consulted to aid our determination of the facts found. No such finding was made in this case.

The recitation in the judgment "as charged in the information" does not aid us because, read in context, this phrase is no more than recitation that the information charged appellant with "knowingly and intentionally offer[ing] to engage in sexual conduct with another in return for a fee

payable to the said." Indeed, the judgment is a recitation that these are the facts found by the trial court. Nothing in the record contradicts the recitation of the judgment that these were the facts found, and thus, nothing in the record supports any reformation of the judgment.

Because the judgment and sentence reflect appellant was found guilty on an offense not charged against him in the information, the conviction is void.

The judgment is reversed and the cause remanded.

McCORMICK, J., dissents.