Calvin Earl BLACKLOCK, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–88–00915–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 14, 1991.

Sybil Carr-Fitzgerald, Wayne Hill, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., J. Harvey Hudson, Robert Stabe, Asst. Dist. Attys., for appellee.

Before TREVATHAN, C.J., and COHEN and O'CONNOR, JJ.

## OPINION

TREVATHAN, Chief Justice.

Appellant, Calvin Blacklock, pled not guilty to two counts of aggravated sexual assault of a child. In a bench trial, the court found him not guilty of the offense alleged in count one of the indictment, and

guilty of the offense alleged in count two of the indictment. His punishment was assessed by the court at confinement for life. We reform the judgment of the trial court, and affirm it as reformed.

In his first point of error, appellant contends the trial court erred in finding him guilty in reliance on a stipulation that did not meet the requirements of TEX.CODE CRIM.P.ANN. art. 1.15 (Vernon 1977).

■ Article 1.15 provides that in order for a stipulation to be valid, the defendant's consent and waiver of rights must be approved by the court in writing. This provision has been interpreted to require that the judge's signature appear on the stipulation. *McCain v. State*, 730 S.W.2d 739, 742 (Tex.Crim.App.1987). On May 27, 1988, appellant filed a document entitled "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession." The document reflects that appellant intended to enter a plea of "no contest" to the allegations contained in count one of the indictment. This document was signed by appellant, his attorney, and the assistant district attorney. However, the stipulation was not signed by the trial court. Appellant argues that because the stipulation was not signed by the trial court, it may not be considered as evidence.

In support of his position, appellant relies on *McCain*. However, appellant's reliance is misplaced; *McCain* is clearly distinguishable. In *McCain*, the State offered *no other evidence* to prove the case against the defendant, and the court held there was insufficient evidence to show that the defendant was guilty. *McCain*, 730 S.W.2d at 743.

■ The stipulation in the case before this Court is defective on its face because it was not approved by the court in writing. However, unlike *McCain*, a bench trial was held during which witnesses testified. At the conclusion of the evidence, the court found appellant not guilty of the first count, and guilty of the second count. The record on appeal contains no statement of facts from the guilt/innocence phase of the trial; however, it is clear from the docket sheet that the State offered other evidence.

Where there is no statement of facts or other proof to the contrary, we must presume there was sufficient evidence to sustain and support the judgment. *Pierce v. State*, 777 S.W.2d 399, 418 (Tex.Crim.App. 1989). Therefore, we presume the court did not have to rely on the unsigned stipulation to support the conviction.

Appellant's first point of error is overruled.

■ In his second point of error, appellant contends the trial court erred when it permitted the State to introduce evidence of extraneous offenses against appellant at his competency hearing.

To be admissible, an extraneous offense must be relevant to a material issue in the case other than the defendant's character, and it must possess probative value that outweighs its prejudicial effect. *See Montgomery v. State*, 810 S.W.2d 372, 386–387 (Tex.Crim.App.1990); TEX.R.CRIM.EVID. 403, 404(b).

Before the trial on the merits, appellant filed a motion alleging he was not competent to stand trial and requesting a hearing on competency. The motion was granted. A jury was selected to hear the competency issue only. Both appellant and the State offered extensive testimony and evidence concerning appellant's competency.

During cross-examination of appellant's mother, the State was permitted, over objection, to introduce evidence that appellant had previously been arrested for the offenses of assault, indecency with a child, and burglary of a habitation. The jury was also permitted to hear that each of these cases was dismissed against appellant because he was found incompetent.

Appellant relies on *Brandon v. State*, 599 S.W.2d 567 (Tex.Crim.App.1979), in which Brandon also complained that the State made prejudicial comments during jury argument at the competency trial. In *Brandon*, the State argued that the defendant would be set free if found incompetent. Combined with other comments, the court found the statements "infected the whole decision-making process" of the

hearing and "irreparably tainted" the determination of his competency to stand trial. *Id.* at 580. The court agreed with Brandon that these statements made before the jury determining competency were highly prejudicial and misleading.

In this case, the State argued that appellant was a malingerer who played dumber than he really was to evade prosecution. In support of its position, the State introduced the extraneous offenses to help establish that appellant exhibited a pattern of sociopathic behavior. Such behavior, according to Dr. Fred Fason, a psychiatrist, is one factor relied on when making the diagnosis that one is a malingerer.

Therefore, evidence of the extraneous offenses was a basis of the expert's opinion, and was relevant and admissible to prove the State's theory that appellant was a malingerer. *Ex parte Harris,* 618 S.W.2d 369, 372–73 (Tex.Crim.App.1981).

Appellant's second point of error is overruled.

In his third point of error, appellant contends the trial court erred in holding the evidence to be sufficient when the offense charged was not the offense proved.

■ When the sufficiency of the evidence is challenged, this Court must examine the evidence in the light most favorable to the judgment to determine whether any rational trier of fact could find the elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979).

Appellant was charged by indictment with two counts of *aggravated sexual assault* with a child. Count one alleged:

Appellant "intentionally and knowingly cause [sic] the penetration of the VAGINA of J_____ A_____, hereafter styled the Complainant, a person younger than fourteen years of age and not his spouse by placing HIS SEXUAL ORGAN in the VAGINA of the Complainant." Count two alleged:

Appellant "unlawfully intentionally and knowingly cause [sic] the penetration of the mouth of J_____ A_____, hereafter styled the Complainant, a person younger than fourteen years of age and not his spouse, with the sexual organ of the Defendant."

Appellant asserts that the variance between the indictment charging appellant with *aggravated sexual assault* of a child and the judgment that appellant was guilty of *aggravated assault* of a child is fatal and requires that appellant's conviction be reversed.

Appellant misstates the judgment. The trial court's judgment recites appellant was convicted of *aggravated assault of a child, as charged in count two.* In addition, at sentencing, the judge stated:

It will therefore, be the order of this Court then that the defendant, Calvin Earl Blacklock, who has heretofore been adjudged to be guilty of the offense of *aggravated sexual assault of a child* as alleged in Cause No. 420,558....

Because the judge's recitation in open court stated appellant was "guilty of the offense of aggravated sexual assault of a child," and the judgment stated appellant was convicted of "aggravated assault of a child, as charged in count two," the judgment sufficiently tracks the indictment and if not, can be reformed as discussed below. *Milczanowski v. State,* 645 S.W.2d 445, 446 (Tex.Crim.App.1983).

Appellant's third point of error is overruled.

In his fourth point of error, appellant contends the trial court erred in assessing punishment not authorized by law.

■ Appellant asserts that although he was indicted for the first degree felony offense of aggravated sexual assault of a child, the trial court found him guilty of the third degree felony offense of aggravated assault of a child. Therefore, he argues that his punishment, confinement for life, for a conviction of a third degree felony was not authorized by law.[1]

1. Tex.Penal Code Ann. § 22.021(e) (Vernon 1989), *aggravated sexual assault,* is a first degree felony.

Tex.Penal Code Ann. § 22.02(c) (Vernon 1989), *aggravated assault,* is a third degree felony.

The State has urged this Court to reform the judgment of the trial court to reflect that appellant was convicted of aggravated *sexual* assault. We can correct the judgment based on information in the record to conform to the finding of the trial court. *Milczanowski,* 645 S.W.2d at 446. Although the indictment may be considered in construing the judgment and sentence in order to determine the offense for which a defendant is convicted, reformation of a judgment and sentence may be done only to cause those instruments to reflect the true finding of the factfinder when such a finding is reflected in the verdict or, in a bench trial, the pronouncement of the court's finding. *Id.* at 447. In the instant case, the trial court's pronouncement in open court was:

> [D]efendant, Calvin Earl Blacklock, who has heretofore been adjudged to be guilty of the offense of aggravated sexual assault of a child as alleged in Cause No. 420,558 and whose punishment has been assessed at life confinement.…

Accordingly, the judgment should be corrected to state that appellant was convicted of "aggravated sexual assault of a child, as charged in count two."

Appellant's fourth point of error is overruled.

In his fifth point of error, appellant contends the trial court erred in finding the evidence sufficient to support the jury's verdict of competency in this matter.

■ A competency hearing is considered a civil proceeding. *White v. State,* 591 S.W.2d 851, 853 (Tex.Crim.App.1979). Absent a prior adjudication of mental incompetency,[2] the defendant is presumed competent to stand trial and must be found competent to stand trial unless proved incompetent by a preponderance of the evidence. *White,* 591 S.W.2d at 854; TEX. CODE CRIM.P.ANN. art. 46.02(1)(b) (Vernon 1979). Therefore, if the defendant is seeking to prove incompetency, the burden is on the defendant to prove incompetency by a preponderance of the evidence.

■ In reviewing factual insufficiency challenges, the correct standard of review is whether, after considering all the evidence relevant to the issue at hand, the judgment is so against the great weight and preponderance of the evidence so to be manifestly unjust. *Meraz v. State,* 785 S.W.2d 146, 155 (Tex.Crim.App.1990).

■ In reviewing the evidence on the factual insufficiency point, we note that appellant presented psychiatric evidence that he was mentally retarded and incompetent. Appellant's mother testified that when appellant entered first grade his teacher requested that he see a psychiatrist, who diagnosed him to be mentally retarded. Follow-up evaluation at Ben Taub Hospital confirmed this diagnosis and also found him to be incompetent. Unable to function in special education classes because his IQ was too low, appellant was transferred to the Harris County School for the Retarded. In addition, appellant's attorney, Craig Washington, testified that appellant did not have sufficient ability to consult with him with a reasonable degree of rational understanding. Appellant contends that the above evidence establishes that he was not competent to stand trial.

The record also shows that in 1986, Dr. Fred Fason, a psychiatrist, examined appellant three times to determine his competency to stand trial. Based on appellant's responses during the initial interview, Dr. Fason concluded that if his "behavior was for real he was severely mentally retarded." This conclusion contradicted the conclusion of a psychiatrist at Rusk State Hospital who said appellant was competent. Consequently, Dr. Fason interviewed appellant two more times and reviewed appellant's records, including the two diagnostic evaluations done at Rusk State Hospital, "because they were the most comprehensive studies performed in any of the records." Dr. Fason found that appellant

---

**2.** On November 8, 1985, a former jury had found appellant competent to stand trial, and appellant has not at any time in the interim been found incompetent to stand trial.

functioned at a much higher level on those two tests than he did in the initial interview with him and in the subsequent interviews appellant "didn't have any trouble understanding me and I didn't really have any trouble understanding Calvin at all in the third interview." To account for the disparity, Dr. Fason explained:

We have basically a person who in personality construction is sociopathic or personality disorder whose history is consistent with that and when he gets out of trouble he plays dumb and it works and it was my opinion that's what he was doing in the interview with me and his intellectual, that his ability to understand the charges against him and his ability to cooperate and communicate with his attorney in his defense that he was able to do those things and that the behavior that I witnessed in the interview was an attempt to get out of the legal difficulties that he was in.

Because the jury is the exclusive judge of the facts, the credibility of the witnesses, and the weight to be given their testimony, we conclude that the above evidence was sufficient for the jury to find appellant competent to stand trial.

Appellant's fifth point of error is overruled.

In his sixth point of error, appellant contends the trial court erred in refusing to permit him to introduce evidence of a federal lawsuit involving the Texas Department of Mental Health and Mental Retardation (MHMR).

Appellant attempted to offer evidence that since 1980, MHMR had been affected by a federal court order mandating specific limitations on the patient/staff ratio at their facilities. Appellant asserts that such evidence was relevant to the disposition of his case because it tended to show that Rusk State Hospital had a motive for declaring him competent. If declared competent, he would be discharged, thus reducing the patient/staff ratio. Appellant's assertion is without merit.

The State did not introduce any records from Rusk State Hospital and no Rusk employee testified. The only connection with Rusk was that Dr. Fason admitted that he had reviewed appellant's records from the time he was at Rusk and that such records merely suggested to him the possibility that appellant might be malingering. Consequently, Dr. Fason then conducted two additional interviews with appellant that corroborated his suspicion of malingering. Because Rusk State Hospital played no role in the determination that appellant was competent to stand trial, evidence of the federal lawsuit was irrelevant to the proceeding.

Appellant's sixth point of error is overruled.

In his seventh point of error, appellant contends the trial court erred in submitting a jury charge instructing the jury that all persons are presumed to be competent.

The statute pertaining to incompetency to stand trial provides:

A defendant is presumed competent to stand trial and shall be found competent to stand trial unless proved incompetent by a preponderance of the evidence.

TEX.CODE CRIM.P.ANN. art. 46.02(1)(b) (Vernon 1979).

There is no error in this portion of the charge. The charge submitted tracks the language of the statute, and therefore properly charges the jury on the statutory issue. *Duffy v. State*, 567 S.W.2d 197, 204 (Tex.Crim.App.), *cert. denied*, 439 U.S. 991, 99 S.Ct. 593, 58 L.Ed.2d 666 (1978).

Appellant's seventh point of error is overruled.

The judgment of the trial court is reformed to state that defendant, Calvin Earl Blacklock, has been adjudged to be guilty of the offense of aggravated sexual assault of a child, and affirmed as reformed.