11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Edmundo Bustos Ramirez

Appellant

Vs.                   No. 11-02-00309-CR -- Appeal
from Dallas County

State of Texas

Appellee

 

The jury
convicted Edmundo Bustos Ramirez of the offense of assault, a class A
misdemeanor.  The trial court assessed
punishment at confinement for 330 days and a fine of $200, but the court
suspended the imposition of appellant=s sentence and placed him on community supervision for a term of 11
months and 21 days.  We modify the
judgment and dismiss the appeal. 

The record
shows that, after the jury convicted him, appellant and the State entered into
an agreement regarding punishment.  In
exchange for the State=s
recommendation, appellant agreed among other things to waive his right to an
appeal.  During the sentencing hearing,
the following exchange occurred:  

[PROSECUTOR]:  No, Your Honor, 330 days exposure probated
for 11 months and 21 days and a $200 fine as well as a conditions (sic) to
include B   

 

[DEFENSE
COUNSEL]:  Waive appeal, enter
counseling, affirmative finding of family violence and victim impact
panel.  

 

THE
COURT:  Okay.  Mr. Ramirez, the Court is going to sentence you to 330 days
probated for 11 months and 21 days and a $200 fine and court costs....Is it my
understanding that you are waiving your right to appeal, [appellant]?

 

THE
DEFENDANT:  Yes, ma=am. 

 

THE
COURT:  And you are entering this freely
and voluntarily.  You understand that
means that this case will not go up on appeal and this will be the final
judgment?  

 

THE
DEFENDANT:  Yes.  








The record
clearly shows that appellant waived his right to appeal in exchange for the
recommendation from the State and that the trial court assessed punishment in
accordance with that recommendation. 
The circumstances of this case are undistinguishable from those in
Blanco v. State, 18 S.W.3d 218 (Tex.Cr.App.2000), where the Court of Criminal
Appeals held that the defendant waived his right to appeal.  See also Monreal v. State, 99 S.W.3d 615
(Tex.Cr.App. 2003)(upholding a nonnegotiated waiver of appeal).  Accordingly, we hold that appellant waived
his right to appeal in this case and that the appeal should be dismissed. 

Although
the reporter=s record from the sentencing hearing shows
that the trial court assessed punishment at confinement for 330 days, probated
for 11 months and 21 days, plus a fine of $200, the judgment inaccurately
reflects the term of community supervision as 11 months and 22 days.  When the oral pronouncement of sentence and
the written judgment vary, the oral pronouncement controls.  Ex parte Madding, 70 S.W.3d 131, 136
(Tex.Cr.App.2002); Coffey v. State, 979 S.W.2d 326, 328 (Tex.Cr.App.1998).  Such a judgment may be corrected to reflect
the trial court=s oral pronouncement.  Banks v. State, 708 S.W.2d 460, 462
(Tex.Cr.App.1986); Milczanowski v. State, 645 S.W.2d 445, 447
(Tex.Cr.App.1983).  The true finding of
the trial court as pronounced in open court was that appellant be placed on
community supervision for a term of  A11 months and 21 days.@ 
Consequently, we modify the judgment to show the precise punishment as
pronounced by the trial court in open court. 

The
judgment of the trial court is modified to reflect the term of community
supervision of A11 months and 21 days,@ and the appeal is dismissed.  

 

W. G.
ARNOT, III

CHIEF
JUSTICE

 

June 18, 2003

Do not publish.  See TEX.R.APP.P. 47.2(b). 

Panel consists of:  Arnot, C.J., and

Wright, J., and McCall, J.