2) Caption, civil cases






COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS




CLARENCE LYLES,

                            Appellant,

v.

THE STATE OF TEXAS,

                            Appellee.

§
 
§
 
§
 
§
 
§
 
 § 


No. 08-03-00460-CR

Appeal from the

283rd District Court

of Dallas County, Texas 

(TC#F01-56056-T) 





MEMORANDUM OPINION

           Clarence Lyles appeals from his conviction for the offense of aggravated robbery,
following his plea of guilty to the court without the benefit of a plea bargain agreement. The
charge was reduced from capital murder. The trial court subsequently heard evidence
regarding punishment and assessed Lyles’s punishment at fifty years’ confinement in the
Texas Department of Criminal Justice, Institutional Division. Lyles contends in two points
that his Fourteenth Amendment due process rights were violated when the trial court did not
allow him to withdraw his guilty plea, which was unknowing and involuntary due to his
history of drug abuse and mental incompetence, as well as a complex plea agreement form,
and that his due process rights were violated when the trial court refused to consider the
entire range of punishment for an offense and imposed a predetermined punishment. We
affirm.
           Lyles argues in Point One that his Fourteenth Amendment due process right was
violated when the trial court did not allow him to withdraw his guilty plea, which he contends
was unknowing and involuntary due to a history of drug abuse, mental incompetence, and
due to a complex plea agreement form. We first note that there is nothing in the record to
indicate that Lyles ever sought to withdraw his guilty plea. In his argument under this point,
Lyles suggests that his plea was involuntary because of mental incompetence based upon
prolonged drug use and because of a complex plea bargain agreement form, and also seems
to suggest that the trial court should have sua sponte held a competency hearing.
           The trial court cannot accept a guilty plea unless it appears that the defendant is
mentally competent and the plea is voluntary. Tex. Code Crim. Proc. Ann. art. 26.13(b)
(Vernon 1989). An appellant has the burden to show by a preponderance of the evidence that
he or she was incompetent at the time of the plea, thereby rendering it involuntary. See
Blacklock v. State, 820 S.W.2d 882, 886 (Tex. App.--Houston [1st Dist.] 1991, pet. ref’d). 
A person is presumed competent unless proved incompetent by a preponderance of the
evidence. Tex. Code Crim. Proc. Ann. art. 46.02, § 1(b). A person is mentally incompetent
if he or she lacks either sufficient present ability to consult with his or her lawyer with a
reasonable degree of rational understanding or a rational as well as factual understanding of
the proceedings against him or her. Tex. Code Crim.Proc. Ann. art. 46.02, § 1(a). A trial
court is only required to hold a separate competency hearing where there has been evidence
that could rationally lead to a conclusion of incompetency. Arnold v. State, 873 S.W.2d 27,
36 (Tex. Crim. App. 1993). In determining whether the evidence raised the issue, it must be
viewed in the light most favorable to the party with the burden of securing the finding,
disregarding contrary evidence and inferences. Id. at 37. A separate competency hearing
before a jury is required if evidence from any source raises the issue. Id.
           At his sentencing hearing on August 8, 2003, Lyles testified that he had started to
smoke marijuana when he was eighteen, but did not like it. He said that he drank while a
juvenile. He indicated that he started smoking crack cocaine at age 23. He stated that he put
himself in rehab when he was 25 and had not done it for a while since he was 25, but that he
had started back on July 4, presumably of 2001. The robbery occurred on August 17, 2001. 
Lyles indicated that he was not in his right mind as far as decision making when he was on
drugs.
           Lyles’s mother testified that her son’s attitude changed after he started using drugs. 
She said, “You know, he would like – well, they don’t even say lie in front of me, and
Clarence had started like, you know, saying little words that wasn’t normal for him, you
know.” Lyles’s sister testified that she was in the military and had recently returned from
Afghanistan. When the trial judge asked her how two people from the same family could go
in two different directions, she said in part, “And once he got on those drugs, that kind of had
a lot to do with it. Because up until that point, we hadn’t had any problems out of Clarence
up until he got into his early, you know twenties.” Lyles testified that he would not have
committed this offense if it had not been for the drugs.
           The Texas Court of Criminal Appeals has held that even a prior judicial determination
of insanity, as opposed to a prior judicial determination of competence, is not sufficient to
raise the issue of competence at the time of trial. Arnold, 873 S.W.2d at 35. We see no
reason, then, why evidence of past drug use or addiction would be sufficient to raise the issue
of competence. We therefore hold that the trial court did not abuse its discretion in failing
to sua sponte hold a competency hearing for Lyles. While Lyles also raises an issue of his
competence in view of the complexity of the plea bargain agreement form, there is nothing
in the record that there was any part of the agreement form that he did not understand. To
the contrary, the record reflects that Lyles fully understood the terms of the plea bargain and
that the decision to enter into it was his own. We overrule Point One.
           Lyles urges in Point Two that the trial court violated his Fourteenth Amendment due
process right when the court refused to consider the entire range of punishment for an offense
and imposed a predetermined punishment. During the course of the sentencing hearing, the
trial court made comments that showed sympathy for the Korean immigrant family who were
victims of the robbery, including a wife who was killed in the robbery and her husband who
killed himself by immolation a few days later. The judge commented that if the defendant
had not pleaded guilty he would have been convicted of capital murder and would have
received a life sentence. There is nothing in the record showing that the trial court refused
to consider the entire range of punishment for the offense and imposed a predetermined
punishment. Lyles’s claims to the contrary are based totally on speculation. We overrule
Point Two.
           The judgment is affirmed.
 
                                                       JOHN HILL, Chief Justice (Ret.)
December 2, 2004

Before Panel No. 5
Hill, C.J. (Ret.), McClure, and Chew, JJ.
Hill, C.J., (Ret.) sitting by assignment
 
(Do Not Publish)