

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

## NO. 02-15-00370-CR

ANDRE KIMBLE                                                          APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY
TRIAL COURT NO. 1396543D

----------

## MEMORANDUM OPINION[1]

----------

A jury convicted Appellant Andre Kimble of felony assault of a family or household member and assessed his punishment at fifteen years' confinement and a $4,000 fine. The trial court read the punishment verdict aloud, including the period of confinement and fine, polled the jury, "receive[d] the verdict as unanimous[,] and order[ed] it filed amongst the papers in this cause." The trial

---

[1]*See* Tex. R. App. P. 47.4.

court then orally pronounced the sentence but omitted any mention of a fine. The trial court included both the confinement period and the fine in the written judgment. In his sole issue, Appellant contends that because the trial court did not pronounce the fine orally, the fine must therefore be deleted from the written judgment. Because the jury imposed the fine, the trial court accepted their verdict as unanimous and ordered it filed in the trial court record, and the written judgment corresponds with both the written jury verdict and the jury verdict announced in court, received by the trial court, and ordered filed in the trial court record, we disagree.

The Texas Court of Criminal Appeals has provided the general rule regarding conflicts between written judgments and oral pronouncements of sentence:

> A defendant's sentence must be pronounced orally in his presence. The judgment, including the sentence assessed, is just the written declaration and embodiment of that oral pronouncement. When there is a conflict between the oral pronouncement of sentence and the sentence in the written judgment, the oral pronouncement controls.[2]

As part of a defendant's punishment and sentence,[3] a fine must be orally pronounced in the defendant's presence.[4]

---

[2]*Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004) (footnotes omitted); *see also Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998).

[3]*See Gipson v. State*, 428 S.W.3d 107, 109 (Tex. Crim. App. 2014).

[4]*Taylor*, 131 S.W.3d at 500; *see* Tex. Code Crim. Proc. Ann. art. 42.03 § 1(a) (West Supp. 2015).

But if the oral pronouncement of sentence is merely ambiguous, as opposed to explicitly conflicting with the written judgment, "the jury's punishment verdict, the court's pronouncement, and the written judgment should all be read together in an effort to resolve the ambiguity."[5] This court-created exception harmonizes the court-created general construct elevating oral pronouncements with the otherwise conflicting protective ladder of common law, statutes, and constitutional provisions placing valid jury verdicts on punishment beyond a trial judge's reach.

Article 37.01 of the code of criminal procedure provides that a "verdict" is "a written declaration by a jury of its decision of the issue submitted to it."[6] Article 37.04 provides that an agreed verdict "shall be read aloud by the judge, . . . [and i]f in proper form and no juror dissents therefrom, and neither party requests a poll of the jury, the verdict shall be entered upon the minutes of the court."[7] Article 37.05 clarifies that when all polled jurors confirm that it is in fact their verdict, "the verdict shall be entered upon the minutes."[8] Article 37.06 requires that a defendant in a felony case "be present when the verdict is read unless his

[5]*Hernandez v. State*, No. 02-12-00392-CR, 2014 WL 1510093, at *2–3 (Tex. App.—Fort Worth Apr. 17, 2014, no pet.) (mem. op., not designated for publication); *Aguilar v. State*, 202 S.W.3d 840, 843 (Tex. App.—Waco 2006, pet. ref'd).

[6]Tex. Code Crim. Proc. Ann. art. 37.01 (West 2006).

[7]*Id.* art. 37.04.

[8]*Id.* art. 37.05.

absence is wilful or voluntary."[9]  Article 42.01 provides in relevant part that "[t]he sentence served shall be based on the information contained in the judgment"[10] and that when the jury assessed punishment, the judgment shall provide "that the defendant be punished in accordance with the jury's verdict."[11]

More than thirty years ago, the Texas Court of Criminal Appeals discussed our constitutional right to trial by jury and the trial court's powerlessness to change valid jury verdicts on punishment:

> The guarantee of a right to trial by jury in the Sixth Amendment, United States Constitution, is made applicable to the States by the Fourteenth Amendment.  Article I, § 10 of the Texas Constitution provides that an accused in a criminal prosecution shall have a speedy public trial by an impartial jury.  Article I, § 15 of the said State Constitution provides that the right of trial by jury shall remain inviolate.  When the jury is to assess punishment . . . , the jury must assess in their verdict the punishment intended to be imposed where it is not otherwise fixed by law.  Under these circumstances assessment of punishment is exclusively within the province of the jury.
>
> It has been fundamental that a trial judge does not have the authority to receive a jury's verdict and then refuse to abide by it, nor change the verdict in any material part, nor give effect to part of the verdict and ignore some other part and enter another and different judgment from that called for by the jury's verdict.[12]

---

[9]*Id.* art. 37.06.

[10]*Id.* art. 42.01, § 1 (West Supp. 2015).

[11]*Id.* art. 42.01, § 1(8).

[12]*Ex parte Johnson,* 697 S.W.2d 605, 612 n.3 (Tex. Crim. App. 1985) (citations omitted).

"Courts have no power to change a jury verdict unless it is with the jury's consent and before they have dispersed."[13] "If a jury assesses a punishment authorized by the law, the trial court has no power to change that punishment verdict and has very little authority to do anything other than to impose that sentence."[14]

It is true that article 42.03 of the code of criminal procedure provides that the "sentence shall be pronounced in the defendant's presence,"[15] but with a bench trial, the trial judge's oral statements on "the record [are] the only comparable source that may be consulted to learn the decision of the fact finder."[16] On the other hand, when the jury determines punishment, "the written verdict provides the basis for reforming an erroneous recitation in judgment and sentence."[17]

In this case, the trial court's oral pronouncement is ambiguous because it does not mention the $4,000 fine that the trial court had just accepted and ordered recorded as part of the jury verdict; the oral pronouncement does not

---

[13]*Ex parte McIver*, 586 S.W.2d 851, 854 (Tex. Crim. App. [Panel Op.] 1979).

[14]*State v. Dudley*, 223 S.W.3d 717, 721 (Tex. App.—Tyler 2007, no pet.).

[15]Tex. Code Crim. Proc. Ann. art. 42.03, § 1(a) (West Supp. 2015).

[16]*Milczanowski v. State*, 645 S.W.2d 445, 447 (Tex. Crim. App. 1983).

[17]*Id.*

5

impose the same fine, a "zero" fine, or a greater or lesser fine.[18]  But considering together the facts that before the trial court formally pronounced sentence, the trial court

- read aloud the jury's verdict assessing punishment at fifteen years' confinement and a $4,000 fine,

- polled the jury,

- received the unanimous verdict, and

- ordered it filed in the trial court record,

along with the fact that the verdict read and accepted by the trial court in the reporter's record matches the written jury verdict as well as the trial court's written judgment found in the clerk's record, any potential ambiguity is resolved in favor of the jury verdict.[19]

We overrule Appellant's sole issue and affirm the trial court's written judgment.

/s/ Lee Ann Dauphinot
LEE ANN DAUPHINOT
JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  May 12, 2016

---

[18]*See Hernandez*, 2014 WL 1510093, at *3.

[19]*See Taylor*, 131 S.W.3d at 500; *see also Aguilar*, 202 S.W.3d at 843.