### Frank Smith v. The State.

#### No. 1686.    Decided April 10, 1912.

**1.—Theft—Fraudulent Taking—Intent.**

Where, upon trial of theft of an automobile, the evidence showed that the same was not taken with intent of permanently appropriating the same to the use and benefit of the defendant, or to deprive the owner of the value thereof, but for the purpose of stealing a ride, the conviction could not be sustained. Following Johnson v. State, 36 Texas, 375, and other cases.

**2.—Same—Appeal—Jurisdiction.**

Where it appeared that the appellant had first declined to appeal, but afterwards during the same term of court gave notice of appeal after his motion for new trial was overruled, this court has jurisdiction over the case.

**3.—Same—Fraudulent Taking.**

Although appellant may be guilty of another offense, he can not be convicted of theft in the absence of testimony showing a fraudulent taking.

Appeal from the District Court of Bexar. Tried below before the Hon. Edward Dwyer.

Appeal from a conviction of theft; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Ed Haltom* and *James Routledge,* for appellant.—Cited cases in opinion.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—The appellant was convicted of the theft of an automobile, and his punishment fixed at two years confinement in the penitentiary.

The evidence shows this, and only this, in effect: that on the night of May 30, 1911, the appellant, who is a negro, seventeen or eighteen years of age, and another negro, went to the automobile house of the owner, broke in and took therefrom his automobile; that they did so for the purpose of riding therein. After they took it out, a white man hired and paid them to haul himself and two women around the city of San Antonio, and about it, and paid them $6.65 therefor. That they run the automobile that night some fifty or sixty miles. The parties whom they hauled procured beer and drank it and ate a lunch in the machine while they were therein, and to some extent smeared up the machine. In running the machine they also somewhat injured some parts of it. After they got through their ride and hauling this man and the two women, they took the machine, on the same night, back near the owner's house and left it in the alley or street. The owner and his wife, after they had gone to bed and asleep that night, heard some noise about the rear of their premises and discussed it between them, but concluded at the time that it was not at their house but a neighbor's across the alley. They did not miss the machine or know it was taken until the next morning, when a servant arrived and discovered that the door of the auto house had been broken and the machine was not therein. The owner's son thereupon went out into the alley looking for it and discovered it where the appellant and his companion had left it the night before. The testimony differs as to the proximity to the owner's residence, some stating that it was fifty feet or little further, others that it was about two blocks, but in any event it was in plain view from the alley of the back premises of the owner, and as soon as it was discovered by his son it was procured and returned by him to his father's residence.

We have carefully considered the whole testimony, and it thoroughly satisfies us that the machine was not taken with the intent by the appellant and his companion to permanently appropriate it to their own use or benefit, nor to deprive the owner of the value thereof, but it was taken solely for the purpose of using it to ride in that night

and to return it after this use and this only was done. So that the taking did not in law constitute theft either under the terms of the statute or of the uniform decisions of this court. Penal Code, article 858 (old); Johnson v. State, 36 Texas, 375; Blackburn v. State, 44 Texas, 457; Loza v. State, 1 Texas Crim. App., 488; Berg v. State, 2 Texas Crim. App., 148; Wilson v. State, 18 Texas Crim. App., 270; Dunham v. State, 3 Texas Crim. App., 465; Knutson v. State, 14 Texas Crim. App., 570; Schultz v. State, 30 Texas Crim. App., 94; Hyatt v. State, 32 Texas Crim. App., 580; Lucas v. State, 33 Texas Crim. Rep., 290. It is unnecessary to cite other cases.

The record shows that appellant was indicted at the same time for two other offenses, and that they were pending at the time this case was tried and finally disposed of. What those cases were the record does not disclose, though we infer that they probably grew out of the same acts of the appellant in connection with this automobile on this occasion. It also appears that the appellant was represented on the trial by an attorney appointed by the court. That after his conviction, without the knowledge or consent of this attorney, he voluntarily requested the court to sentence him under this conviction, and when the court suggested to him that he had better see his attorney, he told the court he did not want to do so and did not want to fool with lawyers any more. The reason he desired to accept the conviction and sentence in this case was, that he proposed to the State's attorney to do so if the State's attorney would dismiss the other two cases pending against him, and this was all done at the time with the sanction of the court. However, the next day, and, as we understand, within the two days from his conviction, his attorney appeared in court with a motion for new trial, but when informed by the court of what had been done by appellant and the court the day before, this attorney did not file the motion, and abandoned the case. Some two or three weeks later, but at the same term of court, the appellant engaged, or some one did for him, other attorneys, and they thereupon, by permission of the court, filed a motion for new trial, setting up, among many other things, that the testimony beyond doubt showed that appellant was not guilty of theft, and should not have been convicted. Notwithstanding what had occurred before, and the action of the court in sentencing appellant and dismissing the other cases against him, the court permitted the filing of this motion for new trial, and upon its presentation to him, and consideration thereof, overruled it. The appellant then appealed, and the case is here properly appealed, and with a full statement of the facts.

It seems that the appellant is clearly guilty of some offense, and should, and doubtless will be, punished with more or less severity, but we think the record in this case shows that he is not guilty of the theft of this automobile. As the matter is presented to us we can not sanction a conviction and punishment of an offender for an offense of which he is not guilty, because he may be guilty of another offense

not charged by the indictment in this case. If he is guilty of either of the other offenses which were dismissed against him, he can be reindicted therefor, and punished and convicted, or if not guilty of those offenses, he can be properly prosecuted for the offense which the testimony in this case shows he has committed. We do not prejudge his case on any other matter, and do not intend hereby to hold that he is guilty of an offense. We are simply stating the matter to show that while he is not guilty of the offense charged in this case, he may be guilty of some other offense growing out of or shown by the same transaction.

It is unnecessary to pass upon any other question attempted to be raised, or raised in this case.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*