Alex Anthony FLORES, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–93–01096–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 10, 1994.

Mark Ellis, Houston, for appellant.

John B. Holmes, Jr., Timothy G. Taft, Kristen Pain, Houston, for appellee.

Before DUGGAN, ANDELL and HUTSON–DUNN, JJ.

## OPINION

HUTSON–DUNN, Justice.

Appellant, Alex Flores, was indicted for auto theft and unauthorized use of a vehicle. After appellant waived his right to a jury trial and pleaded not guilty, the trial court found him guilty of auto theft. The court found an enhancement paragraph to be true and assessed punishment at four-years imprisonment.

In a sole point of error, appellant contends that the evidence is insufficient for the court to find beyond a reasonable doubt that he acted with the intent to deprive the complainant of the automobile. We agree. We sustain appellant's point of error and reform the judgment of the trial court from theft to unauthorized use of a vehicle; additionally, we reverse the judgment imposing punishment and remand for another punishment hearing.

In reviewing the sufficiency of the evidence, we view the evidence in a light most favorable to the verdict and decide whether any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). This standard applies to direct and circumstantial evidence, and the State need not exclude every reasonable hypothesis other than appellant's guilt. *Geesa v. State,* 820 S.W.2d 154, 156–61 (Tex. Crim.App.1991). If there is sufficient evidence to establish guilt beyond a reasonable doubt, and the trial court believes that evidence, we cannot reverse the judgment on sufficiency of evidence grounds. *Gaines v. State,* 874 S.W.2d 733, 735 (Tex.App.—Houston [1st Dist.] 1994, no pet.); *Glass v. State,* 761 S.W.2d 806, 807 (Tex.App.—Houston [1st Dist.] 1988, no pet.). The trier of fact is the sole judge of the witnesses' credibility and may believe or disbelieve any part of a witness' testimony. *Gaines,* 874 S.W.2d at 735. Further, the trier of fact may believe a witness even though his testimony is contradicted. *Sharp v. State,* 707 S.W.2d 611, 614 (Tex.Crim.App.1986), *cert. denied,* 488 U.S. 872, 109 S.Ct. 190, 102 L.Ed.2d 159 (1988); *Gaines,* 874 S.W.2d at 735.

The evidence viewed in the light most favorable to the verdict is as follows: On the afternoon of October 19, 1993, Officer Melo of the University of Houston Police Department was conducting surveillance operations of a parking lot near the University of Houston downtown campus. Officer Melo, located inside the police dispatch office, looked through a telescope mounted on the roof of the office to watch for suspicious activity in the lot.

At approximately 12:30 p.m., Officer Melo observed the following sequence of events: (1) a black Ford Mustang and grey Oldsmobile entered the lot and parked side by side in empty designated spots; (2) there were two people in the Mustang, and its license plate read JVY30R; (3) the passenger exited the Mustang, looked around to see if anyone was watching, and got into the driver's side of the Oldsmobile; (4) appellant then exited the driver's side of the Mustang, looked around, and popped open the front hood for approximately one minute; (5) appellant closed the hood, briefly looked in the open window on the driver's side of the Mustang, and returned to the Oldsmobile; and (6) the Oldsmobile left the parking lot and quickly headed southbound on Main Street with appellant's companion driving.

Officer Cormier, after receiving Officer Melo's dispatch regarding the suspicious activity, located and stopped the Oldsmobile until reinforcement units, including Officer Melo, arrived to detain and identify the suspects. The record reflects that a third person, pliers, and a hacksaw were discovered in the Oldsmobile.

When Officer Cormier returned to inspect the Mustang, he discovered the following damage: (1) a window on the passenger's side was shattered; (2) the steering column had been popped; (3) underneath the dashboard and hood, wires had been pulled; (4) the radio was damaged; (5) the alarm had been ripped out; and (6) the ignition switch was damaged. Further, upon raising the hood, Officer Cormier observed that the engine was still hot.

After running a license check on the Mustang, Officer Cormier discovered that neither appellant nor either of his companions was the rightful owner. The university police then towed the car back to the station for storage until its owner could be located. Further, appellant and the other two suspects were arrested and taken to the station.

At trial, Nicco Metoyer testified as follows: Metoyer owned a 1989 black Mustang GT with license identification JVY30R. The car was worth over $750 and under $20,000. At approximately 9:30 a.m. on October 19, 1993, he parked his car in the grassy overflow adjacent to a paved student parking lot near the University of Houston downtown campus. Later that day, Metoyer was informed by police that his car had been taken from the parking lot and returned to the same vicinity where he parked it. After returning to the station to identify the car, Metoyer was able to adjust the broken ignition key and drive the car home.

As noted, appellant argues in his only point of error that the evidence is insufficient for the court to find beyond a reasonable doubt that he acted with the intent to deprive the complainant of the automobile.

The elements of auto theft are as follows: (A) *unlawful appropriation* of an automobile; (B) with the *intent to deprive* the owner. TEX.PENAL CODE ANN. § 31.03(a) (Vernon 1994). Unlawful appropriation includes acquiring or exercising control over the automobile without the owner's effective consent. TEX.PENAL CODE ANN. § 31.03(b) (Vernon 1994). Deprivation can occur by any of the following:

(A) to withhold property from the owner permanently or for so extended a period of time that a major portion of the value or enjoyment of the property is lost to the owner;

(B) to restore property only upon payment of reward or other compensation;

(C) to dispose of property in a manner that makes recovery of the property by the owner unlikely.

TEX.PENAL CODE ANN. § 31.01(2) (Vernon 1994).

To support his contention that the State failed to prove that he intended to deprive Metoyer of his automobile, appellant points to the following facts: (1) appellant returned the car to approximately the same location from which it was removed; (2) the car was returned within three hours of its taking; and (3) although damaged, the car was in operating condition.

■ The Court of Criminal Appeals has held that the "intent to deprive" element of auto theft is not proved when the evidence indicates that the automobile was taken for temporary use. *See, e.g., Kiser v. State,* 150

S.W.2d 257, 258 (Tex.Crim.App.1941). "Intent to deprive" must be determined from the words and acts of the accused, *Banks v. State,* 471 S.W.2d 811, 812 (Tex.Crim.App. 1971), and it must exist at the time of the taking. *Draper v. State,* 539 S.W.2d 61, 68 (Tex.Crim.App.1976).

In *Smith v. State,* 66 Tex.Crim. 246, 146 S.W. 547, 547 (App.1912), the defendant took the complainant's automobile without his consent and returned it on the same evening to an alley within two blocks of the complainant's house. *Id.* Although the car was damaged in the interim, the court found the evidence insufficient to prove intent to permanently deprive. *Id.* at 547–48.

Similarly, in *Kiser,* the complainant's automobile was taken from the town square by a man matching the defendant's description. Witnesses saw the defendant seeking a ride in the town square on the day the car was taken. 150 S.W.2d at 257. Further, the car was found damaged outside town approximately five days later in the same direction as the defendant's house. *Id.* The court held that there was insufficient evidence to prove that the defendant intended to take the car permanently. *Id.* at 258.

■ From the record, it is clear that there is insufficient evidence in the present case to support a finding that appellant intended to deprive Metoyer of his automobile permanently or for so extended a period of time that a major portion of its value or enjoyment was lost to the owner. As noted above, appellant returned the car to the same vicinity where it was originally parked within three hours of its taking. Although damaged in the interim, the car was driveable. Even the prosecutor recognized the weakness of the State's case on the theft charge when she told the court during closing arguments, "what we obviously have is just a joyride."

We hold that the evidence is insufficient for a rational juror to find that appellant intended to deprive Metoyer of his automobile within the meaning of TEX.PENAL CODE ANN. § 31.03(b).

In his prayer for relief, appellant requests this Court to order a judgment of acquittal. In response, the State argues that appellant has asked for more relief than he is entitled. The State submits that we should reform appellant's conviction to unauthorized use of a vehicle and submits numerous theories to justify its contention.

First, the State argues that the written judgment showing appellant's conviction for auto theft was the result of a clerical error. As noted, appellant was charged with the offenses of auto theft and unauthorized use of a vehicle. The trial court's written judgment reflects that appellant was convicted of auto theft. However, there is no express finding anywhere else in the record of the offense for which the court found appellant guilty. The court's docket sheet merely states that "the court found the defendant guilty." Further, during closing arguments, the following exchange occurred between the prosecutor and the court:

> MS. PAINE: Judge, just briefly. What we have is obviously just a joyride. Everything that the officers found in the black Mustang is consistent with what Officer Melo saw, and he has no reason to just go out and make this up.
>
>     . . . .
>
> So Judge, the State has proven its case beyond a reasonable doubt. Thank you.
>
> THE COURT: All right. I will find you guilty.

The State contends that the reasonable inference from the evidence in the record is that the trial court actually found appellant guilty of unauthorized use of a vehicle, but a clerical mistake was made in preparing the judgment.

In support of its argument that we should reform the judgment to reflect that appellant was convicted of a different offense, the State cites *Blacklock v. State,* 820 S.W.2d 882, 885–86 (Tex.App.—Houston [1st Dist.] 1991, pet. ref'd). In *Blacklock,* the defendant was charged by indictment with two counts of *aggravated sexual assault of a child. Id.* at 885. The first count alleged that the defendant had penetrated the complainant's vagina with his sexual organ, and the second count alleged that the defendant had penetrated the complainant's mouth with his sexual organ. *Id.* The trial court's judgment recited

that the defendant was guilty of *"aggravated assault of a child, as charged in count two."* *Id.* Additionally, at sentencing, the judge found the defendant guilty of the offense of *"aggravated sexual assault of a child."* *Id.* On appeal, this Court held that the variance between the judgment and indictment was not fatal and that reformation of the judgment was a proper remedy. *Id.* We based our holding on two reasons: (1) the judge's recitation in open court conformed to the allegations in the indictment; and (2) the judgment incorporated count two of the indictment, which charged the defendant with aggravated sexual assault. *Id.*

■ The facts of the present case are distinguishable from *Blacklock.* The judgment of this case explicitly states that appellant is guilty of the offense of auto theft. Further, the court's recitation of "guilty" in the statement of facts is ambiguous as to the offense for which the court found appellant guilty. Although the prosecutor argued to the court that appellant had engaged in a "joyride," the judgment is clear that the court found appellant guilty of auto theft. "[R]eformation of a judgment and sentence may be done only to cause those instruments to reflect the true finding of the fact finder when such finding is reflected in ... the pronouncement of the court's finding." *Blacklock,* 820 S.W.2d at 886. We find no evidence in the record that appellant's conviction for auto theft resulted from a clerical error.

Alternatively, the State requests this Court to abate this appeal pursuant to TEX. R.APP.P. 80(c) in order for the trial court to hold a hearing to clarify the record. Contrary to the State's contention, we find that the record could not be any clearer. As noted, the judgment explicitly states that appellant is guilty of the offense of auto theft.

Finally, the State contends that, because unauthorized use of a vehicle is a lesser included offense of theft, this Court has the authority to reform appellant's conviction. In addressing the State's contention, we begin with the statutory definitions of "lesser included offense" set forth in the Code of Criminal Procedure:

An offense is a lesser included offense if:

(1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;

(2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;

(3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or

(4) it consists of an attempt to commit the offense charged or an otherwise included offense.

TEX.CODE CRIM.PROC.ANN. art. 37.09 (Vernon 1981).

■ Since a given section of the Penal Code may define more than one way that an offense can be committed, a case by case analysis is necessary to determine whether one offense is a lesser included offense of another. *Bell v. State,* 693 S.W.2d 434, 436 (Tex.Crim.App.1985); *Teague v. State,* 789 S.W.2d 380, 382 (Tex.App.—Houston [1st Dist.] 1990, pet. ref'd). The Court of Criminal Appeals has held that unauthorized use of a vehicle may be a lesser included offense of theft. *Neely v. State,* 571 S.W.2d 926, 928 (Tex.Crim.App. [Panel Op.] 1978).

■ To determine whether unauthorized use of a vehicle is a lesser included offense of theft in this case, we must examine the relationship between the two offenses as alleged in the indictment. The elements of each offense as alleged by the State are as follows:

THEFT (TEX.PENAL CODE ANN. § 31.03 [Vernon 1994]).

(A) Unlawful appropriation;

[Unlawful = without Metoyer's effective consent]

[Appropriation = acquiring and exercising control over an automobile owned by Nicco Metoyer]

(B) Intent to deprive Metoyer of the automobile.

UNAUTHORIZED USE OF A VEHICLE (TEX.PENAL CODE ANN. § 31.07(a) [Vernon 1994]).

(A) Intentional and knowing operation of an automobile owned by Nicco Metoyer;

(B) Without Metoyer's consent;

(C) Appellant's knowledge that Metoyer had not consented. *See Gardner v. State,* 780 S.W.2d 259, 263 (Tex.Crim.App.1989) (Under section 31.07, State must always prove defendant's knowledge that he did not have consent of the owner to operate the automobile).

 Upon examining the indictment, it is clear that the allegations of the two offenses alleged are the same except that in theft there is the additional element of intent to deprive the owner of the property. *See Neely,* 571 S.W.2d at 928. Therefore, we conclude that, as alleged in this case, unauthorized use of a vehicle is a lesser included offense of theft.

 We must now determine whether we have authority to reform appellant's conviction from theft to unauthorized use of an automobile. When a court of appeals determines that the evidence is insufficient to support a conviction of a greater felony, it has authority to reform the conviction to a lesser felony that the evidence will support. *Bigley v. State,* 865 S.W.2d 26, 27 (Tex.Crim. App.1993); Tex.R.App.P. 80. Since the insufficient evidence in this case relates only to an element necessary to prove theft, we reform the judgment to reflect a conviction for the lesser included offense of unauthorized use of a vehicle.

 The only issue remaining is whether appellant is entitled to a new punishment hearing. The theft for which appellant was convicted in this case was a third degree felony because the value of the automobile taken was $750 or more but less than $20,-000.[1] Further, unauthorized use of a vehicle, the offense that we reform the judgment to reflect, was also a third degree felony.[2]

Therefore, the range of punishment for the two offenses with which appellant was charged is the same.[3] While it is reasonable to expect that the trial court would assess the same punishment for unauthorized use of a vehicle as it did for theft, we cannot say that with certainty. Therefore, we sustain appellant's point of error. We reform the judgment to reflect a conviction for unauthorized use of a vehicle. Additionally, we reverse the portion of the judgment imposing punishment and remand to the trial court for another punishment hearing.

---

1. Act of May 10, 1993, 73rd Leg., R.S., ch. 203, § 4(4)(e)(4)(A), 1993 Tex.Gen.Laws 390, 391, *amended by* Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex.Gen.Laws 3586, 3637 (current version at Tex.Penal Code Ann. § 31.03(e)(4)(A) (Vernon 1994)).

2. Act of May 24, 1973, 63rd Leg., R.S., ch. 399, § 1, 1973 Tex.Gen.Laws 883, 932, *amended by* Act of May 29, 1993, 73rd Leg., R.S., ch. 900,

§ 1.01, 1993 Tex.Gen.Laws 3586, 3640 (current version at Tex.Penal Code Ann. § 31.07(b) (Vernon 1994)).

3. Act of June 7, 1990, 71st Leg., 6th C.S., ch. 25, § 7, *amended by* Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex.Gen.Laws 3586, 3603 (current version at Tex.Penal Code Ann. § 12.34 (Vernon 1994)).