Affirmed and Opinion filed January 9, 2007








Affirmed and Opinion filed January 9, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00232-CR

____________

 

KARL LYN DUCHAN, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 185th
District Court

Harris County, Texas

Trial Court Cause No. 1036726

 



 

O P I N I O N

Appellant, Karl Lyn Duchan, appeals from his conviction for
aggravated robbery.  After a jury found him guilty, the trial court sentenced
him to 35 years in prison.  In three issues, appellant contends that the
evidence was legally and factually insufficient to support the verdict and that
the trial court erred in refusing to charge the jury on a lesser included
offense.  We affirm.








Background

At trial, Nydia Alcantara, the complainant, testified that
on August 9, 2005, after driving her Ford Explorer through the drive-through
lane at her bank, she dropped the teller envelope out of her window.  She got
out to pick it up, and when she did so, appellant pushed her down, jumped in
the Explorer, and began to drive away.  When he exited the bank parking lot, he
immediately became stuck in traffic.  Alcantara ran after him and began
knocking on the passenger window.  Appellant cursed at her.  She then went
around to the driver=s door and opened it.  Appellant threw a
punch at her, and she tried to slam his hand in the door.  In response, he hit
her with the door and tried to do so a second time.  When appellant then
stepped on the gas in an attempt to hit Alcantara with the vehicle, she moved
out of the way.  She said that if she had not jumped on the back of a truck,
she would have been hit.

Alcantara spotted a police officer in a nearby vehicle and
yelled for help.  The officer got out of his vehicle, put his hand on his
weapon, and instructed appellant to get out of the Explorer.  Appellant then
drove the vehicle at Alcantara to pin her against a truck, which was in front
of the Explorer, and a car, which was beside it.  Appellant looked at Alcantara
and cursed at her while he drove at her.  She jumped over the car to get out of
the way, and the Explorer nicked her leg and collided with the car.  She said
the contact with her leg was not a hard hit, but it did hurt.  She said that
she thought he was trying to hit her and she feared that he was going to kill
her.  Although by the time she got home that day, she had a small bruise where
the Explorer had impacted, she declined to go to the hospital for treatment. 
The car beside the Explorer moved enough for the Explorer to go by.  Appellant
left the Explorer in drive, got out, and ran away.  The Explorer continued into
the intersection, where Alcantara caught up to it, crawled in, and drove it
into a parking lot.  She said at that point she was in shock.  Police officers
arrived at the scene and told her that two men had caught appellant, and
appellant was brought before her for identification.








Rosa Breland testified that on August 9, 2005, she was in her
car waiting for a stop light to change when she saw Alcantara running toward a
vehicle.  Alcantara was yelling that someone was trying to steal her vehicle
and screaming at the driver, whom Breland identified as appellant, to get out. 
Alcantara opened the driver=s side door, and appellant tried to punch
her.  Alcantara stepped back and appellant turned the vehicle in her direction
and drove as if he was trying to run over her.  After trying to hit Alcantara
with the vehicle, appellant got out, and the vehicle collided with and damaged
Breland=s vehicle. 
Breland then moved her car out of the way, and Alcantara=s vehicle
continued into the intersection.[1]

David Martinez testified that on August 9, 2005, he was in
his car when he saw a man and woman fighting.  The man, whom Martinez
identified as appellant, was in the driver=s seat of a Ford
Explorer.  Appellant hit the woman in the face with the door and attempted to
punch her.  Then, when the woman moved around to the front of the Explorer,
appellant Ahit the gas pedal,@ and the Explorer ran
into the vehicle in front of it.  Martinez said that the woman moved away to
avoid being crushed between the vehicles.  He said that the resulting wreck was
Aa decent crash@ but that
appellant had not attained sufficient speed to do significant damage. 
Appellant got out of the Explorer and ran behind Martinez=s vehicle. 
Martinez chased appellant, and he and another man, whom Martinez identified as APascual,@ restrained
appellant until the police arrived.








Pascual Rivera testified that on August 9, 2005, he was at
an auto repair shop waiting for his vehicle when he saw a woman yelling at
someone in a Ford Explorer to give her back her car.  There was a struggle over
the door, and the woman went to the front of the Explorer.  The Explorer then
moved forward and the woman Agot pushed to the side.@  He could not
tell for sure but thinks that she got hit and thinks that the driver, whom he
identified as appellant, must have been trying to hit her.  Appellant then
accelerated again before getting out and running away.  Rivera gave chase, and
ultimately, he and another man detained appellant until police arrived.

Deputy Dario Almendarez, of the Harris County Sheriff=s Office,
testified that on August 9, 2005, he was waved down by several individuals on
the side of the road.  He stopped and was told that a man had Acar-jacked@ someone. 
Almendarez opined that based on his experience, a motor vehicle could be a
deadly weapon and under the facts of the case as he understood them, a vehicle
had been used as a deadly weapon.

Appellant also testified.  He admitted stealing Alcantara=s vehicle.  He
stated that he spotted the vehicle, parked and with the engine running, in a
bank parking lot.  He did not see anyone around the vehicle, but when he got in
and slammed the door, a woman who was standing by the ATM machine started
yelling and running toward the vehicle.  He figured the vehicle was hers, so he
tried to drive out of the parking lot.  He said that he immediately became
ensnared in traffic.  He denied ever attempting to hit Alcantara with the
vehicle, but he said the vehicle may have moved forward when he let up on the
brake prior to exiting and running away.  He admitted that he purposefully got
in the vehicle and attempted to steal it.  He said that he wanted the truck.

Sufficiency

In his first two issues, appellant contends that the evidence
was legally and factually insufficient to support the verdict.  Specifically,
he contends that the State failed to prove that he used or exhibited a deadly
weapon as asserted in the indictment and found by the jury.  In addressing
these sufficiency challenges, we utilize the well-established standards of
review.  See King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000)
(legal sufficiency standards); Johnson v. State, 23 S.W.3d 1, 11 (Tex.
Crim. App. 2000) (factual sufficiency standards).  Appellant makes no
distinction in his brief between his legal and factual sufficiency arguments.








A person commits aggravated robbery if, among other
possibilities, he or she uses or exhibits a deadly weapon during the course of
a robbery.  Tex. Penal Code Ann. ' 29.03(a) (Vernon
2003).  The Texas Penal Code lists two categories of Adeadly weapons.@  See id. ' 1.07 (Vernon
Supp. 2006); Robertson v. State, 163 S.W.3d 730, 732 (Tex. Crim. App.
2005).  The first category is comprised of those instruments designed to be
deadly weapons, including Aa firearm or anything manifestly designed,
made, or adapted for the purpose of inflicting death or serious bodily injury.@  Tex. Penal Code Ann. ' 1.07(a)(17)(A). 
The second category is comprised of those instruments whose use transforms them
into deadly weapons, including Aanything that in the manner of its use or
intended use is capable of causing death or serious bodily injury.@  Id. ' 1.07(a)(17)(B). 
A motor vehicle may become a deadly weapon if the manner of its use is capable
of causing death or serious bodily injury.  Drichas v. State, 175 S.W.3d
795, 798 (Tex. Crim. App. 2005).  Proof that the defendant possessed a specific
intent to use an instrument as a deadly weapon is not required.  Id.








Appellant points to the following factors as militating
against the jury=s finding that the Explorer constituted a
deadly weapon by the manner of its use or intended use:  (1) there was no
expert testimony suggesting appellant used the vehicle in a manner capable of
causing serious injury or death; (2) the Explorer did not hit Alcantara hard,
and she did not require medical attention; (3) the Explorer was hemmed in on
all sides; (4) the Explorer sustained no damage when it crashed into the other
vehicle; and (5) the Explorer was either stopped or moving slowly during the entire
episode.  Regarding appellant=s first contention, on the need for expert
testimony, while such testimony may be useful in some circumstances, there is
no requirement that the State introduce expert testimony to establish that an
instrument was a deadly weapon.  In re S.B., 117 S.W.3d 443, 448  (Tex.
App.CFort Worth  2003,
no pet.) (citing Davidson v. State, 602 S.W.2d 272, 273 (Tex. Crim. App.
[Panel Op.] 1980)).  Indeed, evidence is frequently held sufficient to prove
use of a deadly weapon even in the absence of expert testimony.  See, e.g.,
Drichas, 175 S.W.3d at 798-800 (reversing court of appeals and holding that
evidence was legally sufficient to prove use of a deadly weapon where
eyewitness testimony suggested defendant drove the wrong way on the highway,
posing a danger to other motorists).

The second factor cited by appellant, regarding the fact
that Alcantara was not seriously injured, may have been considered by the jury
but does not render the evidence insufficient.  In order to prove that a
defendant used or exhibited a deadly weapon, the State is not required to show
that the defendant caused or even intended to cause death or serious bodily
injury with the instrument in question; rather, the State must only prove that
the actual use or intended use of the object was capable of causing
death or serious bodily injury.  Johnston v. State, 150 S.W.3d 630, 638
(Tex. App.CAustin 2004, no pet.).








Likewise, regarding the remainder of the factors cited by
appellantCeach relating to the speed of the vehicleCthese may have
been considered by the jury, but they do not render the evidence legally or
factually insufficient.  See generally Longoria v. State, 154 S.W.3d
747, 757 n.8 (Tex. App.CHouston [14th Dist.] 2004, pet. ref=d) (A[I]t is generally
the jury=s duty to
reconcile conflicts in the evidence . . . .@).  As detailed
above, there was testimony from several sources that appellant was behind the
wheel of the Explorer and Alcantara was in front of it when the vehicle moved
forward.  Alcantara herself testified that appellant twice attempted to hit her
with the Explorer and tried to pin her between the Explorer and another
vehicle.  She stated that appellant was looking at her and cursing at her while
he stepped on the gas.  She indicated that she avoided being injured more
severely only because she jumped out of the way.  There was also evidence from
several sources that the vehicle the Explorer collided with was damaged in the
collision, even though the Explorer apparently was not.  Certainly, the jury
could have surmised that since appellant attempted to pin Alcantara between two
vehicles and drove at her with sufficient velocity to damage another vehicle,
Alcantara could have been severely injured or even killed if she had not gotten
out of the way.  Accordingly, we find that the evidence was legally and
factually sufficient to support the jury=s apparent finding
that appellant operated the vehicle in a manner capable of causing death or
serious bodily injury.  See King, 29 S.W.3d at 562; Johnson, 23
S.W.3d at 11.  We overrule appellant=s first two
issues.

Jury Charge

In his third issue, appellant contends that the trial court
erred in refusing to charge the jury on a lesser included offense.  A defendant
is entitled to a lesser‑included offense instruction in the charge if (1)
the requested charge is a lesser‑included offense of the offense charged,
and (2) there is some evidence that if the defendant is guilty, he is guilty
only of the lesser offense.  Irving v. State, 176 S.W.3d 842, 845 (Tex.
Crim. App. 2005).  The credibility of the evidence, and whether it conflicts
with other evidence, must not be considered in deciding whether the charge on
the lesser‑included offense should be given.  Saunders v. State,
840 S.W.2d 390, 391 (Tex. Crim. App. 1992).

Here, the trial court instructed the jury on the elements
of aggravated robbery and theft.  In order to prove aggravated robbery under
the charge and applicable law, the State had to show that appellant in the
course of committing theft and with intent to obtain or maintain control of the
property, intentionally or knowingly threatened or placed Alcantara in fear of
imminent bodily injury or death and that he used or exhibited a deadly weapon. 
See Tex. Penal Code Ann. '' 29.02, 29.03.  In
order to prove theft, the State was required to show that appellant unlawfully
appropriated property with intent to deprive the owner of property.  See id.
' 31.03(a). 
Appropriation of property is unlawful if it Ais without the
owner=s effective
consent.@  Id. ' 31.03(b)(1). 
Appellant additionally requested a submission on unauthorized use of a motor
vehicle.  A person commits the offense of unauthorized use of a motor vehicle
when he or she Aintentionally or knowingly operates
another=s boat, airplane,
or motor‑propelled vehicle without the effective consent of the owner.@  Id. ' 31.07.








We first note that unauthorized use of a motor vehicle may
certainly be a lesser included offense of both of the charged offenses:
aggravated robbery and theft.  Griffin v. State, 614 S.W.2d 155, 158 n.4
(Tex. Crim. App. [Panel Op.] 1981); Roy v. State, 76 S.W.3d 87, 96 (Tex.
App.CHouston [14th
Dist.] 2002, no pet.).  Accordingly, we move to the second requirement for
submission:  whether there is some evidence that appellant was guilty only of
the lesser offense.  In discussing this requirement, appellant compares the
elements of unauthorized use (the requested charge) with those of aggravated
robbery (which was one of the offenses charged).  Appellant argues that while
he admitted taking Alcantara=s vehicle, he denied trying to hit
complainant with the vehicle; thus, according to appellant, his testimony
constitutes some evidence that he was guilty only of the lesser offense of
unauthorized use.  Although appellant=s testimony may
indeed be some evidence that he was not guilty of aggravated robbery, the trial
court also charged the jury on theft.

The key
distinction between theft and unauthorized use is that theft requires that the
defendant intend to deprive the owner of the property in question; whereas,
unauthorized use permits conviction if the defendant merely operated another=s vehicle without effective consent. 
See Tex. Penal Code Ann. '' 31.03(a); 31.07; Flores v. State, 888 S.W.2d 187, 193 (Tex. App.CHouston [1st Dist.] 1994, pet. ref=d) (stating that allegations of theft
and unauthorized use Aare the same except that in theft there is the additional
element of intent to deprive the owner of the property@).  Appellant points to no evidence
suggesting that he was merely operating the vehicle without Alcantara=s consent.[2] 
To the contrary, appellant himself testified that he was trying to Asteal@ the vehicle (not just borrow or use
it).  See Webster=s Third New International Dictionary 2232 (1993) (defining Asteal@ as Ato practice theft@).  Accordingly, appellant has not
demonstrated that the trial court erred in refusing to instruct the jury on
unauthorized use.  See Irving, 176 S.W.3d at 845.  We overrule appellant=s third issue.

 








We affirm the trial court=s judgment.

 

 

 

/s/      Adele Hedges

Chief Justice

 

 

Judgment rendered
and Opinion filed January 9, 2007.

Panel consists of
Chief Justice Hedges and Justices Edelman and Fowler.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  There appears to be a slight discrepancy between
Alcantara=s testimony and Breland=s.  Alcantara suggested that the Explorer collided with Breland=s car when appellant tried to hit Alcanatra.  Breland
suggested that the collision occurred after appellant exited the Explorer,
leaving it in drive.  Reconciling conflicts in the evidence is generally the
province of the jury.  Longoria v. State, 154 S.W.3d 747, 757 n.8 (Tex. App.CHouston [14th Dist.] 2004, pet. ref=d).





[2]  In the section of his brief discussing harm,
appellant suggests that unauthorized use was a more plausible option for the
jury than theft Agiven the driving facts and the trial court=s refusal to allow the appellant to present testimony
concerning the actual value of the stolen Ford Explorer.@  However, he offers no additional explanation of
these remarks, and their meaning is unclear.