**Opinion issued August 20, 2019**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-17-00763-CR

————————————

**JOSEPH PRESTIANO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 119th District Court
Tom Green County, Texas
Trial Court Case No. B-16-0472-SA

## OPINION CONCURRING IN PART AND DISSENTING IN PART

I join the opinion and judgment of the panel on rehearing except with respect to (1) the majority's arguments and conclusions on Prestiano's evidentiary objections to hearsay and bolstering, as to which I concur only in the judgment, and (2) the majority's ruling remanding this case for a new punishment hearing, from

which I respectfully dissent. I write separately on the evidentiary issues because I believe the majority's holding that Exhibit 6—a drawing of sex toys made by the child complainant during play therapy—is inadmissible is directly contrary to and undermines well-established law concerning the admissibility of out-of-court statements made by child sexual abuse victims during therapy as relevant substantive evidence. Thus the majority's holding can have a pernicious effect on the prosecution of sex crimes with children if relied upon as authority in subsequent cases. I also write separately on the issue of remand of the reformed judgment for a new punishment hearing under the statutory law applicable to this case as inefficient and wasteful of litigant and judicial resources.

## Discussion

### I. Evidentiary Rulings

In issues two, three, and four, Prestiano argues that Exhibit 6—a drawing of sex toys used with the child—was inadmissible under Texas Rules of Evidence 801 and 802, prohibiting bolstering and hearsay. He further argues that Exhibit 6 was not admissible as an exception to the prohibition against hearsay under Rule 803(3) as a statement of a then-existing mental or emotional condition when made and that no predicate was laid for its admission as a statement made for medical diagnosis or treatment under Rule 803(4). I disagree with all of these arguments. I would hold that Exhibit 6 was not inadmissible bolstering or hearsay. Rather, it was properly

2

admitted under both Rule 803(3) and Rule 803(4) as relevant substantive evidence pertinent both to show the child victim's state of mind and emotions caused by the sexual abuse she had experienced and as a statement made in the course of treatment for her fears and anxiety through play therapy.

## A. Applicable Law

Hearsay, or an out-of-court statement offered for the truth of the matter asserted, is, as the majority states, generally inadmissible unless a statute, the rules of evidence, or other rules prescribed under statutory authority provide otherwise. *See* TEX. R. EVID. 801, 802; *Sanchez v. State*, 354 S.W.3d 476, 484 (Tex. Crim. App. 2011). An exception to the general rule exists for statements expressing the declarant's "then-existing state of mind" or "emotional, sensory, or physical condition," but the exception does not apply to "a statement of memory or belief to prove the fact remembered or believed." TEX. R. EVID. 803(3); *compare Martinez v. State*, 17 S.W.3d 677, 688 (Tex. Crim App. 2000) (en banc) (declarant's out-of-court statement that she was afraid of defendant was admissible under state-of-mind exception), *with Gibbs v. State*, 819 S.W.2d 821, 837 (Tex. Crim. App. 1991) (declarant's out-of-court statement that was nothing more than statement of memory to prove fact remembered was not admissible under state-of-mind exception). Another exception to the hearsay rule applies to statements that are "made for—and [are] reasonably pertinent to—medical diagnosis or treatment" and that

"describe[] . . . past or present symptoms or sensations; their inception; or their general cause." TEX. R. EVID. 803(4); *see Taylor v. State*, 268 S.W.3d 571, 588–90 (Tex. Crim. App. 2008) (if child-declarant sexual assault victim can and does believe that her statement to mental-health professional will facilitate her diagnosis or treatment, statement is admissible under exception to hearsay rule for statement made for purposes of medical diagnosis or treatment, whether or not mental-health professional is, strictly speaking, member of medical profession; however, record must reflect that truth-telling was vital component of particular course of therapy or treatment and that child-declarant was aware of this).

"Bolstering" is "any evidence the *sole* purpose of which is to convince the factfinder that a particular witness or source of evidence is worthy of credit, without substantively contributing 'to make the existence of [a] fact that is of consequence to the determination of the action more or less probable than it would be without the evidence.'" *Cohn v. State*, 849 S.W.2d 817, 819–20 (Tex. Crim. App. 1993) (en banc). "Accordingly, evidence that corroborates another witness' story or enhances inferences to be drawn from another source of evidence, in the sense that it has an incrementally *further* tendency to establish a fact of consequence, should not be considered 'bolstering.'" *Id*. at 820 (holding that expert testimony describing behavioral characteristics typically exhibited by child victims of sexual abuse and

4

behavior observed in complaining witness was admissible as relevant substantive evidence under Texas Rules of Evidence 401 and 402).

**B.    Background**

I agree with the majority's statement of the record with respect to the child's testimony that Prestiano showed her the sex toys and inserted them into her vagina; that she independently recalled the green one on the stand; that the actual vibrators were admitted into evidence without objection, as was a photograph of them; and that the child recognized both vibrators when she was shown the photograph. The child also identified the drawing depicting two vibrators, one of which was green, as a drawing that she made in therapy. However, the State did not introduce the drawing into evidence during her testimony. Instead, the State called her therapist, Vickie Purdy, to the stand and qualified her to testify as to the child's state of mind and emotional state during therapy.

Purdy identified the drawing and explained play therapy, in which the child was "learning how to express her feelings," including her fears, by using books, talk therapy, and "frequently expressive arts," including drawing pictures and playing with dolls. Purdy testified that, as part of her therapy, the child "would draw on occasion."

The State asked Purdy if she could identify the drawing, and she testified that the child "wanted to show me some toys that had been used with her." At this point,

5

defense counsel objected that Purdy's testimony was hearsay and "improper bolstering," and the trial court sustained the objection as to hearsay.

In response to questioning by the State, Purdy then identified Exhibit 6 as a drawing made by the child in her presence on a certain date, and she went on to similarly identify Exhibits 7 through 10 as drawings made by the child and Exhibit 11 as the child's handwriting, all of which were made during the same therapy session on the same date as Exhibit 6, which Purdy knew, in part, by her own handwritten dates on the exhibits. The State asked, "And do all of those drawings and the writing, the exhibits, have to do with [the child's] then existing state of mind and emotional condition?" and Purdy answered, "They do." The State then offered into evidence Exhibits 6 through 11.

Defense counsel objected to all of the exhibits as bolstering, stating, "It's allowing the child witness to testify again through her counselor, and I would object to it." The trial court overruled this objection and admitted the exhibits.

The State then tendered each of the exhibits to Purdy to explain what each item showed "in the course of your therapy with [the child]." With respect to Exhibit 6, Purdy explained once again that the child said that "she wanted to draw pictures of some toys that were used." Defense counsel objected again, stating that both the drawing and Purdy's testimony had "nothing to do with state of mind. It's just restating what she's alleged had happened." The prosecutor rejoined, "State's

6

position is that it has everything to do with her state of mind. That's why she was in there [therapy] in the first place. It's what she has had to work through from that moment to now." The trial court overruled the objection, and the State then asked Purdy to explain what each of the drawings showed about what had happened to the child that she was working through in therapy. Purdy's testimony concluded with her response to questioning about what the child was working through in her writing in Exhibit 11. Purdy testified, "At the conclusion of the session, I asked, 'How do you feel about getting all that out today?' and she wrote, 'good and bad.'" Defense counsel did not make any other hearsay or bolstering objections, and the State passed the witness.

The defense then cross-examined Purdy about the child's fear expressed in therapy and its cause. Purdy testified that it was "due to being powerless and feeling unprotected and unsafe," but that "[the child] did make some improvement in terms of anxiety, stress, and a shifting of emotions and a recognition of where the responsibility lies." She then explained, on redirect examination by the State, that a child's fear changes when the child discloses abuse. There is fear initially that the child "might not be believed or that something bad, a bad consequence might occur. There's some relief at telling those that are in charge of her, that love her [and] respond."

On appeal, Prestiano argues that Exhibit 6 was inadmissible as bolstering and

7

hearsay that was not an expression of the child's mental or emotional condition and that this exhibit lacked the proper predicate to be admissible as a statement made for medical diagnosis or treatment. He also argues his trial counsel's representation was constitutionally ineffective because counsel failed to raise a hearsay objection to Exhibits 7 through 11. I disagree.

## C. Analysis

As the majority states, whether "bolstering" remains a valid objection is in doubt. *See Rivas v. State*, 275 S.W.3d 880, 886–87 (Tex. Crim. App. 2009). In *Rivas*, the Court of Criminal Appeals observed that the law of "bolstering" existed before the Texas Rules of Evidence were adopted and, as a term, "failed to survive the adoption of the Rules." *Id*. at 886. Even if valid, a bolstering objection might not preserve error as to hearsay, as bolstering is an inherently ambiguous objection with roots in multiple evidentiary rules, including the hearsay rule. *Id.*; *see also Williams v. State*, 927 S.W.2d 752, 763 (Tex. App.—El Paso 1996, writ ref'd) ("bolstering" objection did not preserve contention that videotape was not admissible under hearsay exclusion for prior consistent statements offered to rebut charge of recent fabrication or improper influence or motive).

In this case, however, there can be no doubt, under Court of Criminal Appeals authority, that Exhibit 6 was not mere bolstering but was admissible evidence. *See Cohn*, 849 S.W.2d at 819–20. In *Cohn*, the court defined bolstering as "any evidence

8

the *sole* purpose of which is to convince the factfinder that a particular witness or source of evidence is worthy of credit, without substantively contributing 'to make the existence of [a] fact that is of consequence to the determination of the action more or less probable than it would be without the evidence.'" *Id.* (citing Texas Rule of Criminal Evidence 401, a predecessor to current Rule 401). Here, it is clear that Exhibit 6 did not have the sole purpose of convincing the factfinder that the child was worthy of credit, but rather, was intended to make the existence of facts of consequence to the determination of Prestiano's guilt more probable than it would have been without the evidence. *See id.* First, the drawing of the sex toys the child made during play therapy corroborated her story and reflected that her fear and anxiety were caused by the sexual abuse and her memories of it. *See id.* And second, it "enhance[d] inferences to be drawn from [other] source[s] of evidence," including the child's other drawings, testimony as to what had happened to her, and identification of both the sex toys and the photograph of them introduced into evidence during her testimony. *See id.* at 820. Thus, it had "an incrementally *further* tendency to establish a fact of consequence," and, therefore, under established law, "should not be consider 'bolstering'" but admissible relevant substantive evidence of the sexual abuse the child suffered. *See id.* at 820; *see also* TEX. R. EVID. 401 (defining relevant evidence), 402 (addressing admissibility of relevant evidence).

This case is on all fours with *Cohn*. Accordingly, I would hold that Prestiano's bolstering objection, if valid, was unavailing.

Assuming with the majority, however, and contrary to the record, that Prestiano's objection that the drawing in Exhibit 6 and Purdy's testimony about that drawing had "nothing to do with state of mind" preserved a hearsay complaint and that Prestiano's additional complaint, raised for the first time on appeal, that the State failed to establish a predicate to the introduction of the evidence as a statement made for medical diagnosis or treatment under Rule 803(4) is properly before us, it is clear that both of these objections also fail.

In support of his hearsay objection to Exhibit 6, Prestiano argues on appeal that the drawing did not show the child's state of mind but was instead "a statement of memory or belief to prove the fact remembered or believed," which is an exception to the state-of-mind exception to the hearsay rule under Rule 803(3). The majority agrees. But this argument is contrary to both the record and the law. I would hold that, assuming Prestiano's hearsay objection to Exhibit 6 was preserved, Exhibit 6 was admissible under the plain language of Rule 803(3) and (4), as well as under Rules 401 and 402 as substantive evidence that had a tendency to make both the facts of the child's sexual abuse and its effect upon her more probable than it would be without the evidence and that was of consequence in determining the action. Accordingly, I would hold that the trial court's ruling admitting Exhibit 6

10

was well within its discretion and was not error. *See Gonzalez v. State*, 544 S.W.3d 363, 370 (Tex. Crim. App. 2018) (trial court abuses its discretion if its ruling is outside zone of reasonable disagreement).

Rule 803(3) provides, "A statement of the declarant's then-existing state of mind (such as motive, intent, or plan) or emotional, sensory, or physical condition (such as mental feeling, pain, or bodily health)" is not excluded by the hearsay rule. TEX. R. EVID. 803(3). The record clearly shows that the drawing was made by the child in therapy because she wanted to show her therapist what she was feeling and working through during her play therapy session. In other words, the drawing was offered through the therapist to show the child's "then existing state of mind" or emotional condition at the time of therapy designed to help her "work through" her emotions, including anxiety and fear, and to determine their cause. The drawing thus made more probable the truth of the cause of that anxiety and fear, namely the effect of the child's memory of specific acts of abuse on her mental state that, given her age, required play therapy for her to be able to report to someone she trusted and who would respond so that she might overcome her fear. Witness the child's response when the therapist asked how she felt about the drawings she had made—

"good and bad"—and the therapist's testimony that it is through such expression that a child begins to heal from a mental or emotional injury.[1]

The drawing in Exhibit 6 was also admissible under Rule 803(4), as it evidences the child's symptoms and sensations at the time of therapy and at their inception, which symptoms and sensations were caused by the sexual abuse itself and her memory of it, including Prestiano's use of sex toys with her.[2] *See* TEX. R. EVID. 803(4) (statement made for medical diagnosis or treatment describing "past or present symptoms or sensations; their inception; or their general cause" is not excluded as hearsay). Prestiano argues for the first time on appeal that the drawing was not properly admitted because the State failed to establish a predicate to its

---

[1]   I note that Prestiano made no challenge to the scientific validity of play therapy or to Purdy's credentials or the reliability of her testimony. And he made no objection to the admission of the other drawings and the child's statement of her feelings after expressing her fears through her drawings that she felt both "good and bad" for having told someone what was on her mind.

[2]   The majority opinion states that it is not necessary for the Court to decide whether Exhibit 6 is admissible under Rule 803(4) because the State did not urge this exception at trial. But we must uphold an evidentiary ruling if it was correct on any theory of law applicable to the case, even if the prevailing party did not present that theory to the trial court. *See Henley v. State*, 493 S.W.3d 77, 93 (Tex. Crim. App. 2016); *see also Amador v. State*, 376 S.W.3d 339, 343 n.4 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd) (proponent of hearsay testimony not required to specifically state exception to hearsay rule for overruling of hearsay objection to be affirmed based on such exception); George E. Dix & John M. Schmolesky, 43B *Texas Practice: Criminal Practice and Procedure* § 56:135, 461 (3rd ed. 2011) ("[A]n appellee [be it the State or the defendant below] has no obligation to raise a contention in the trial court in order to 'preserve' that contention in some sense for consideration on appeal.").

introduction under either Rule 803(3), to show the child's state of mind, or under Rule 803(4), as a statement made for medical treatment through play therapy. Even if his defense counsel had objected on that basis at trial—he did not—that objection would have failed based on the record and the law.[3]

Exhibit 6 was admitted along with Exhibits 7 through 11 (to which no objection was made when offered), after the State had established the predicate to its admissibility under both Rule 803(3), to show the child's state of mind, and Rule 803(4), as a statement pertinent to her treatment for fear and anxiety. The record plainly establishes that Purdy was a licensed therapist with appropriate credentials and many years of experience in play therapy; that the statement was made for treatment of the child's fears and anxieties caused by the sexual abuse she had suffered, and that the child knew that; and that the drawing was pertinent not only to her treatment but to the proof of the cause of her fears and anxieties, namely sexual abuse. *See, e.g.*, *Lamper v. State*, No. 07-18-00035-CR, 2018 WL 4056064, at *5 (Tex. App.—Amarillo Aug. 24, 2018, no pet.) (mem. op., not designated for

---

[3] Defense counsel's objection that the drawing had "nothing to do with state of mind" did not preserve his argument that the State failed to lay the proper predicate for its introduction of the drawing. *See, e.g.*, *In re A.B.*, 133 S.W.3d 869, 875 (Tex. App.— Dallas 2004, no pet.) (appellant's hearsay objection did not preserve argument that proper predicate had not been laid to impeach witness); *see also Ferris v. State*, No. 01-09-00676-CR, 2011 WL 664016, at *4 (Tex. App.—Houston [1st Dist.] Feb. 17, 2011, no pet.) (mem. op., not designated for publication) ("Because appellant failed to make his insufficient predicate argument to the trial court, he has not preserved the issue for our review.").

publication) (admission under Rule 803(4) of drawings by child victim depicting her sexual abuse was not abuse of discretion where sponsoring witness testified child made drawings on her own initiative during therapy sessions and drawing can be beneficial during treatment of such young child). And this evidence corroborated the child's own previous testimony.

Under *Taylor*, if a child-declarant sexual assault victim can and does believe that her statement to a professional mental-health counselor will facilitate her diagnosis or treatment, the statement is admissible under Rule 803(4) for purposes of medical diagnosis or treatment. 268 S.W.3d at 587–89. In this regard, the Court of Criminal Appeals acknowledged the "almost universal tendency of courts" to recognize that "even children of a sufficient age or apparent maturity" will understand that veracity is in their best interest, and thus the courts require evidence that *negates* such an awareness. *Id.* at 589. However, in the mental health context, "this tacit presumption is far less compelling" and "not always so readily apparent," and may even not be accurate. *Id.* at 590. Thus, the record must reflect that truth-telling was a vital component of the particular course of therapy or treatment and that the child-declarant was aware that this was case. *Id.* at 589–90.

Here, the record reflects that the child knew that she was in therapy so that the therapist could help her work through her fears, and she knew that she was there so that she would feel better after expressing what she was thinking about and feeling.

14

Hence, her voluntary drawing of the sex toys as something she wanted to tell the therapist—a drawing she could not have made had she never seen the toys. And hence the child's written response, in Exhibit 11, to Purdy's question at the end of her therapy session asking "how she felt about getting all that our today," that she felt both "good and bad." There is nothing to indicate that Exhibit 6 was *not* of sex toys the child had seen (and indeed her earlier identification of them during her own testimony showed that she had seen and could identify them) or that the memory of them was not bothering her, and there was everything to indicate her truthfulness in recounting her feelings to the therapist, knowing that "getting it all out" was designed to determine the cause of her fear and anxiety to help her get better. I would hold that Exhibit 6, a statement made in the course of the child's therapy for her fears and anxiety, was properly predicated and thus admissible under Rule 803(4).

I cannot agree with the majority's decision to categorize the admission of Exhibit 6 as erroneous—albeit harmless error—because I believe that the majority's ruling undermines sound jurisprudence in the area of hearsay, particularly in designating as hearsay a drawing made in play therapy by a child victim of sexual abuse designed to draw out the state of mind of the child and to treat her fear and anxiety caused by the acts of the defendant as the child remembers them. This is evidence that goes directly to the effect of the abuse on the child's mental and

emotional condition that makes both the occurrence of the acts depicted and the harm they caused to the child more likely to be true.

I do, however, agree with the majority that, had there had been any error in the admission of Exhibit 6, any such error was harmless beyond a reasonable doubt. *See Brooks v. State*, 990 S.W.2d 278, 287 (Tex. Crim. App. 1990) (any error in admitting hearsay was "harmless in light of other properly admitted evidence proving the same fact"); *Lamerand v. State*, 540 S.W.3d 252, 257 (Tex. App.—Houston [1st Dist.] 2018, pet. ref'd) (any error in admission of medical report containing statements made by child to doctor was harmless given that child herself testified without objection about sexual abuse and identified defendant as perpetrator).

I would overrule Prestiano's bolstering and hearsay objections. Because the majority overrules these objections on different grounds, I concur in this part of the judgment. I agree with the majority that Prestiano's trial counsel did not commit ineffective assistance of counsel by failing to object to Exhibits 7 through 11 as hearsay.

## II.    Remand for New Punishment Hearing

I agree with the majority's opinion and ruling that the evidence was insufficient to support Prestiano's conviction on the third count of the indictment, aggravated sexual assault of a child under Penal Code subsection 22.021(a)(1)(B)(ii)

16

by causing his penis to penetrate the child's mouth. I also agree that the evidence was sufficient to support Prestiano's conviction for the necessarily lesser-included offense of aggravated sexual assault of a child by contact of the defendant's penis with the child's mouth under subsection 22.021(a)(1)(B)(v). Accordingly, I join the judgment of the panel insofar as it reforms the judgment of the trial court on this issue.

However, the panel remands the case for a new punishment hearing on the ground that subsection 22.021(a)(1)(B)(v) is a lesser-included offense of subsection 22.021(a)(1)(B)(ii), even though the two offenses are in exactly the same subsection, down to the third value; the range of punishment is the same; the evidence is exactly the same except for the insufficiently proved penetration of the child's mouth during commission of the offense; and contact with the mouth of a child is a necessary element of the proof of penetration—so much so that the lesser-included offense is subsumed in the greater and disappears if the greater is proved. *See Aekins v. State*, 447 S.W.3d 270, 280, 283 (Tex. Crim. App. 2014).

I find remand of this case for a new punishment hearing to be futile, time-consuming, expensive, and contrary to the purpose and spirit of the rules of procedure. *See* TEX. CODE CRIM. PROC. ANN. ART. 1.03(3) (Code of Criminal Procedure seeks "[t]o insure a trial with as little delay as is consistent with the ends of justice"). The majority, however, believes itself bound to follow precedent I find

distinguishable to a conclusion I believe incompatible with the spirit and purpose of the rules of procedure.

The majority relies for its decision to remand for a new punishment hearing on *Lee v. State*, 537 S.W.3d 924, 927 (Tex. Crim. App. 2017) ("When an appellate court finds the evidence insufficient to establish an element of the charged offense, but the jury necessarily found the defendant guilty of a lesser offense for which the evidence is sufficient, the appellate court must reform the judgment to reflect the lesser-included offense and remand for a new punishment hearing."), and *Flores v. State*, 888 S.W.2d 187, 193 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd) (holding that, while it was reasonable to expect that trial court would assess same punishment for lesser-included offense, remand for new punishment hearing was required because court of appeals could not say so with certainty). However, both of these cases are distinguishable.

In *Lee*, the defendant was convicted of continuous sexual abuse of a child, which was reformed to the lesser-included offense of aggravated sexual assault of a child. 537 S.W.3d at 925–26. In that case, the evidence showed that the defendant had committed aggravated sexual assault of the child twice—once in Texas and once in New Jersey. *Id.* at 925. The issue was whether this evidence was sufficient to prove continuous sexual abuse of a child under Texas Penal Code section 21.02(b). *Id.* at 926. The Court of Criminal Appeals held that it was not—that continuous

18

sexual abuse of a child under Texas law requires the commission of two or more acts in violation of the statute within the state. *See id.* at 926–27. It concluded that the evidence was sufficient only to prove the lesser-included offense of aggravated sexual assault of a child under Penal Code section 22.021, which requires only one act of aggravated sexual assault in Texas. *Id.* at 926. Thus, the court reformed the judgment to convict the defendant only of the lesser-included aggravated sexual assault offense, and it remanded the case for a new punishment hearing. *See id.* at 927.

The facts of *Lee* are materially different from the facts in this case in that, in *Lee*, punishment under Texas law had to be determined on the basis of only one act of sexual assault of a child (the other act not being a violation of Texas law, but of New Jersey law), and the statutes under which the greater and the lesser-included offenses were punishable were different statutes with materially different elements, including multiple acts versus one act, each requiring different proof. Here, there was only one act and no different evidence required beyond proof of penetration during that act. The only question here was whether the act was punishable under Penal Code subsection 22.021(a)(1)(B)(ii) or (v).

*Flores* was not a sex offense case. *See* 888 S.W.2d at 189. It involved a conviction for theft under Penal Code section 31.03 that was reformed to a conviction for the lesser-included offense of unauthorized use of a vehicle under

19

Penal Code section 31.07. *See id.* at 192–93. Both section 31.07 and the subsection of section 31.03 under which the defendant was convicted were third-degree felonies with the same range of punishment. *See* TEX. PENAL CODE §§ 31.03, .07. However, theft under section 31.03 comprises numerous offenses, including unlawful appropriation of a vehicle with the intent to deprive the owner of it, while unauthorized use of a vehicle under section 31.07 prohibits only the intentional and knowing operation of a vehicle without the owner's consent. *Compare* TEX. PENAL CODE § 31.03 (a)–(j) (providing three types of "unlawful possession of property" with numerous potentially distinguishing features set out in different subsections, defining different unavailing defenses, and prescribing multiple levels of punishment), *with* § 31.07 (requiring proof only that actor "intentionally or knowingly operate[d] another's boat, airplane, or motor-propelled vehicle without the effective consent of the owner"). Again, the greater offense and the lesser-included offense were proscribed under different statutes with materially different levels of scienter and proof, were provable with different evidence, and could have resulted in different punishments.

Here, unlike in either *Lee* or *Flores*, both the greater offense of penetration of the mouth of a child by the defendant's sexual organ and the lesser-included offense of contact of the mouth of a child by the defendant's sexual organ are punishable as aggravated sexual assault of a child under the same subsection of Penal Code section

20

22.021 down to the third level, namely under subsections 22.021(a)(1)(B)(ii) and 22.021(a)(1)(B)(v); the proof of both is proof of the exact same act except that the greater offense includes proof of penetration; and both offenses are subject to the exact same range of punishment without any lesser degree of culpability or intent on the part of the actor.

In short, proof of penetration *necessarily* includes proof of contact, which is the *only* distinguishing feature in every case, and it can lead to no different punishment—so much so that the Court of Criminal Appeals has held that a contact allegation is not only *factually* subsumed by the act of penetration, so that sexual contact necessarily stands in the relationship of a lesser offense to the greater offense of penetration, but also that the relation between the offenses is so great that, *if the greater is proved, the lesser disappears as a separate offense*. *Aekins*, 447 S.W.3d at 280, 283; *see also Maldonado v. State*, 461 S.W.3d 144, 149 (Tex. Crim. App. 2015) (noting that "penetration cannot physically occur in the absence of contact"). In other words, the lesser offense is *legally* subsumed by the greater.

Remanding this case for a new punishment hearing before the same judge who assessed punishment in the first trial with the same evidence where the lesser offense is not only subsumed by the greater but disappears upon a finding of the greater is an illiberal reading of the rules of criminal procedure, with attendant additional expense and delay both to the defendant and to the State; hence it is an exercise in

futility, and contrary to the purpose and spirit of the procedural rules. *See* TEX. CODE CRIM. PROC. ANN. ART. 1.03(3).

Accordingly, I dissent from the panel opinion and reformed judgment insofar as the panel remands the case to the trial court for a new punishment hearing.

## Conclusion

I respectfully concur in the judgment insofar as it overrules the defendant's evidentiary objections. I dissent from the judgment solely insofar as the panel remands this case for a second punishment hearing. I would overrule the defendant's objections to the trial court's evidentiary rulings on different grounds; I would reform the judgment to reflect the defendant's conviction on the third count for the lesser-included offense of aggravated sexual assault of a child by contact; and I would affirm the judgment of the trial court as reformed.

Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Lloyd, and Goodman.

Keyes, J., concurring in part and dissenting in part.

Publish. TEX. R. APP. P. 47.2(b).

22